# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**RODERIC BODIFORD**                                                 **PETITIONER**

**V.**                     **CIVIL ACTION NO. 3:16CV864 HTW-LRA**

**WARDEN M. SHULTS**                                         **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Roderic Bodiford is a federal prisoner incarcerated in the Federal Correctional Complex Low ("FCC-Low") in Yazoo City, Mississippi. He brings the instant petition pursuant to 28 U.S.C. § 2241 seeking judicial review of his sentence computation by the Federal Bureau of Prisons ("BOP"). Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the petition should be denied.

Bodiford was arrested by local authorities in Dougherty County, Georgia on August 5, 2011, while on parole for a 1996 drug conviction.[1] Although no State charges were pursued, Bodiford's parole was revoked on January 27, 2012, and he was remanded into the custody of the Georgia Department of Corrections ("GDOC") to serve the remainder of his 1996 sentence. However, GDOC officials credited the time served in local custody from August 5, 2011 through January 27, 2012, to Bodiford's revocation sentence.[2]

---

[1] Specifically, he was arrested for the following offenses: (1) possession of cocaine with intent to distribute; (2) possession of a firearm or knife during commission of or attempt to commit certain felonies; (3) use of firearm by a convicted felon during commission of a crime; and, (4) criminal street gang activity. ECF No. 6-4.

[2] ECF No. 6-1—6-10.

On February 13, 2013, the United States District Court for the Middle District of Georgia indicted Bodiford on the following counts related to his August 2011 arrest: (1) conspiracy to possess with intent to distribute cocaine; (2) possession with intent to distribute 3,4-Methylenedioxymethcathinone; (3) possession of a firearm in furtherance of a drug trafficking crime; and, (4) possession of a firearm by a convicted felon. On February 28, 2013, Bodiford was transferred to federal custody pursuant to a federal writ; and, on October 31, 2013, he was sentenced pursuant to a guilty plea to a 145-month term of imprisonment "to be served concurrent, from 10/31/2013, to the revocation sentence that [he was] presently serving" in state court.[3] On November 19, 2013, Bodiford was remanded into state custody where he remained until the expiration of his revocation sentence on December 18, 2013. He was remitted into BOP custody that same day to commence service of his federal sentence.[4]

The dispute in this case is clear. In their initial computation, BOP officials credited Bodiford with pre-sentence (*Willis*) credit for time spent in state custody from the date of his arrest (August 5, 2011), to the date of his parole revocation, (January 27, 2012). *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). Upon later realizing that *Willis* was inapplicable, however, BOP officials deducted the credit. Bodiford contends this was error and requests the time be restored "due to the fact that his state confinement was [the] product of federal authorities." His projected release date is March 20, 2021.[5]

---

[3] Bodiford's federal sentence was subsequently reduced to 100 months pursuant to 18 U.S.C. § 3582(c)(2). ECF Nos. 6-2, 6-3.

[4] ECF No. 6-1—6-10.

[5] ECF No. 6-3.

**Discussion**

The United States Attorney General, through the BOP, "determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone,* 341 F.3d 427, 428 (5th Cir. 2003) (citing *United States v. Wilson,* 503 U.S. 329, 331-32, 334 (1992)).  The computation is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the BOP determines the date on which the federal sentence commences and, second, the BOP determines whether the prisoner is entitled to any credit for time spent in custody prior to the commencement of the sentence, i.e., prior-custody credit.  Section 3585 provides as follows:

>   (a) Commencement of sentence. — A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
>   (b) Credit for prior custody. — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>>       (1) as a result of the offense for which the sentence was imposed; or
>>
>>       (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>   ***that has not been credited against another sentence.***

18 U.S.C. § 3585 (emphasis added).  Based on the plain language of the statute, a defendant commences his federal sentence when he is received in federal custody to begin serving his sentence, and he receives credit for time served *only* if it has not been credited against another sentence, "regardless of whether the sentence is federal, state or foreign." BOP Program Statement 5880.28, Sentence Computation Manual.

In the instant case, the BOP's determination, upon further review, was that Petitioner's federal sentence commenced on December 18, 2013—the date his revocation sentence expired, and he was transferred to federal custody to begin serving his federal sentence. Although Bodiford seeks restoration of the pre-sentence credit initially applied by the BOP, his request is not well taken.

The BOP is expressly prohibited from awarding credit for prior custody which has already been credited against another sentence under § 3585(b). Before the imposition of his federal sentence, GDOC officials credited Bodiford's revocation sentence with time served from August 5, 2011 through January 27, 2012. If he were allowed federal credit for time spent serving a sentence imposed for this same time period, he would be receiving double credit, contrary to 18 U.S.C. § 3585(b).

Bodiford is also not entitled to prior custody credit for the time he was on loan to the federal government pursuant to a writ of habeas corpus *ad prosequendum*. "[T]he writ merely loans the prisoner to federal authorities, and the prisoner technically remains in state custody." *Dominguez v. Williamson*, 251 F.3d 156, 2001 WL 300705, at *2 (5th Cir. 2001) (internal quotation marks omitted). Thus, although transferred to the Middle District of Georgia pursuant to the writ of habeas corpus *ad prosequendum* on February 28, 2013, the State of Georgia retained primary jurisdiction over Bodiford until his revocation sentence expired on December 18, 2013.

Lastly, despite the use of the term "concurrent" in the federal sentencing order, "a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *Id.* (internal quotation marks and citation omitted). The *Willis* judicially-created exception is inapplicable here. *Willis* held that, when

an inmate is serving concurrent federal and state terms with a state full-term date that is equal to or less than the federal full-term date, he is entitled to receive credit toward his federal sentence for all presentence, non-federal custody that occurs on or after the date of the federal offense until the date that the first sentence (state or federal) begins.  Although here, Bodiford's arrest led to both his state parole revocation and subsequent federal indictment, he was never prosecuted in state court on the charges for which he seeks federal credit.  His presentence custody prior to December 18, 2013, was entirely in service of the state parole violation stemming from his 1996 conviction on unrelated charges.  Accordingly, "the time for which he seeks credit is not '*Willis* time' because it was not time spent in nonfederal, *presentence* custody." *Grisgsby v. Bledsoe*, 223 F. App'x 486, 489 (7th Cir. 2007) (emphasis in original).  And, as noted, GDOC officials previously credited the time to his revocation sentence.  "*Willis* bars [Bodiford] from receiving federal credit for the time already credited towards his unrelated state parole violation." *Dominquez*, 251 F.3d 156, * 2.

In sum, Petitioner is not entitled to have the time spent in state custody pursuant to his parole revocation for prior unrelated offenses applied towards the satisfaction of his federal sentence under § 3585 (b).  The BOP is expressly prohibited from awarding credit for prior custody which, as in this case, has already been credited against another sentence.  Bodiford's claim that the BOP has denied him additional credit to which he is entitled fails.  For the reasons stated, the undersigned recommends that Respondent's motion to dismiss be granted, and the petition be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party within 14 days after being

5

served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on November 18, 2019.

                                                            s/ Linda R. Anderson  
                                           UNITED STATES MAGISTRATE JUDGE